Dias and others *v.* Bouchaud, *et al.*

---

Persons who, as sureties or otherwise, have to pay government duties for another, are subrogated to the priority rights of the U. S.; and hence, they have a priority of payment out of their debtor's estate even though he may have made a general assignment.

---

The complainants had become liable or had paid duties at the custom house for Castro and Henriques, who failed and made a general assignment for the benefit of creditors to one Louis A. Brunel, who died ; and the defendant, Joseph Bouchaud, became his executor. The complainants insisted that they had a preference, being subrogated to all the rights of the United States. They filed their bill individually and not on behalf of other creditors of Castro and Henriques. They charged that a large amount of the assets of the latter got into the hands of the said Louis A. Brunel and formed part of the assets which came to the hands of his executor, Bouchaud ; and they prayed that the latter should pay their claims.

Demurrer interposed, on the ground that the bill was not exhibited by or in behalf of all the creditors of Castro and Henriques.

Mr. *L. H. Sandford*, in support of the demurrer.

Mr. *J. L. Mason*, contra.

The Vice-Chancellor :—The scope and object of the bill appears to me to be proper and such as these complainants have a right to unite in exhibiting.

In equity and by the laws of the United States they are subrogated to all the rights of the United States as creditors for duties which the complainants became liable for as sureties or otherwise and which they have paid : *The United States v. Clark*, 1 Paine's C. C. Rep. 629 ; *Hunter v. The United States*, 5 Peters, 173. This right does not depend upon the

*July 14, 1841.*

*Debtor and creditor.*

*Subrogation.*

*Priority.*

*Dec. 14.*

trusts of the assignment; and hence it is not necessary to bring before the court all the *cestuis que trust* or creditors provided for in it; but it is a right growing out of the acts of Congress in relation to preferences where their debtor, in a state of insolvency, makes an assignment of all his property and which may be directly adverse to trusts or preferences which the debtor himself may undertake to create; and it can only be necessary to bring before the court such parties as have a common interest in establishing these statutory preferences or so to frame the bill as to give all such an opportunity to come in.  The bill in this cause professes to do this; and I consider the objection taken for want of parties as failing.

Demurrer overruled, with costs; and the defendant is to answer and pay the costs within twenty days.